IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNCENSORED AMERICA, et al., | : Civil No. 4:25-CV-02038 |
| | : |
| Plaintiffs, | : |
| | : (Chief Judge Brann) |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| THE PENNSYLVANIA | : |
| STATE UNIVERSITY, et al., | : |
| | : |
| Defendants. | : |

## ORDER

The *pro se* plaintiffs initiated this action against the defendants on October 29, 2025, and were issued summons for service the same day.[1] However, there has been no indication in this litigation that the plaintiffs have served the complaint on the defendants.

It is the plaintiffs' responsibility to serve the defendants named in the complaint within 90 days.[2]  Thus, service of the complaint should have been made no later than **January 27, 2026**.  In addition to setting time limits for service, Rule 4 prescribes the sanction of dismissal for the failure to make proper and timely service, stating as follows:

> **(m) Time Limit for Service.** If a defendant is not served

---

[1] Docs. 1, 2.

[2] *See* Fed. R. Civ. P. 4(m).

within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R Civ. P. 4(m).

The language of Rule 4(m) is clear and mandatory. Where there is an unexcused failure to timely serve a complaint the court "must dismiss the action." Accordingly, the plaintiffs are placed on notice of this deadline and are directed to make service or show cause why this matter should not be dismissed as to these defendants without prejudice for failure to affect proper service of the complaint on or before **April 3, 2026.**

So ordered this 18th day of March 2026.

_S/ Daryl F. Bloom_
Daryl F. Bloom
Chief United States Magistrate Judge

2